THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SAMUEL JONES, Defendant-Appellant.

(No. 55571;

First District—January 25, 1972.

Gerald W. Getty, Public Defender, of Chicago, (Louis DeLeonardis and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Michael R. Epton, Assist State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court:

Defendant was indicted for the murder of one Willie Fleming and after a non-jury trial was found guilty of voluntary manslaughter. He was sentenced to not less than one or more than ten years in the Illinois State Penitentiary. On appeal he contends that there was no evidence of voluntary manslaughter and that the only issue was whether he was guilty of murder. Hence he argues that as he was not found guilty of murder, he should not be found guilty of any offense.

The testimony of witnesses for the State was to the effect that as Fleming was crossing a street he was approached by the defendant, that as he turned around the defendant pulled a gun from behind his back and shot him. Fleming was found with a paper drinking cup in his hand. No razor was found on or near him and the State's witnesses testified that Fleming did not have a razor with him on the day in question.

Defendant testified that he shot and killed the deceased after a dispute

over the treatment of defendant's sister. He testified that he spoke with his sister shortly before committing the offense; that she was crying and told him she had been beaten by Fleming and that her boss had witnessed what had taken place. Following the conversation with his sister, the defendant started for her place of employment to speak with her employer. On the way he met Bob Moore and Thomas Johnson, who pointed to Fleming crossing the street. Jones approached Fleming and asked why he had "jumped on" his (Jones's) sister. Defendant and several defense witnesses testified that at that point the deceased came at defendant with a razor blade. While defendant was backing away, his companion Moore handed him a gun and after warning the deceased to stay back, defendant shot him and fled from the scene.

Defendant contends that the trial court erred in finding him guilty of voluntary manslaughter as the evidence showed that the occurrence could only have been murder or justifiable homicide. At the conclusion of the case the court stated that if the State's witnesses were to be believed, the defendant should be found guilty of murder, but if, on the other hand, the defense witnesses were to be believed he should be found not guilty. The court did not believe that the deceased had a razor in his hand and in so finding, disposed of defendant's contention that he acted in self-defense. The court found however that defendant shot the deceased because of the dispute which arose over the treatment of defendant's sister.

■■ That dispute and the ensuing quarrel on the street support the finding that defendant was acting under intense passion of the character described in the manslaughter act. That act (Ill. Rev. Stat., 1967, ch. 38, par. 9—2(a)(1), 9—2(b)), provides as follows:

"(a) A person who kills an individual without lawful justification commits voluntary manslaughter if at the time of the killing he is acting under a sudden and intense passion resulting from serious provocation by:

(1) The individual killed, * * *

(b) A person who intentionally or knowingly kills an individual commits voluntary manslaughter if at the time of the killing he believes the circumstances to be such that, if they existed, would justify or exonerate the killing * * *, but his belief is unreasonable."

In the instant case the judge's decision finding defendant guilty of voluntary manslaughter was undoubtedly induced by his conclusion, derived from the evidence, that the defendant acted under the false belief also required by the manslaughter statute as an alternative to intense passion. Defendant used deadly force against Fleming under the unreasonable belief that Fleming had a razor. The conviction for voluntary

manslaughter was amply supported. *People v. Harris,* 124 Ill.App.2d 234, 260 N.E.2d 325.

In the recent case of *People v. Townsend,* Ill.App. Court, First District, Docket No. 54389, 268 N.E.2d 177, the defendant was prosecuted for murder and waived a jury trial. The facts are similar to those in the case before us. The defendant there fatally stabbed his brother who, the defendant claimed, swung at him with a razor. The trial judge did not believe that the deceased swung at the defendant with a razor and held that the evidence was not sufficient to support a charge of murder, but that a case for voluntary manslaughter had been presented. The same is true of the instant case. Accordingly the judgment is affirmed.

Judgment affirmed.

STAMOS, P. J., and LEIGHTON, J., concur.